IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

MICHELLE KIRN,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No.:

## COMPLAINT IN CIVIL ACTION

### PARTIES

*A. Plaintiff*

1. Michelle Kirn is an adult individual, with an address located at 201 Winfield Street, Bentleyville, Pennsylvania 15314.

*B. Defendant*

2. This is an action against Defendant, United States of America, under the Federal Torts Claim Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for medical malpractice in care provided to Mrs. Kirn by Centerville Clinics, Inc., individually and d/b/a Bentleyville Family Practice Center ("Clinic"), which has an address located at 100 Wilson Road, Bentleyville, Pennsylvania 15314.

3. At all relevant times, the Clinic's agents, employees, and/or servants were employed by, and/or acting on behalf of, Defendant.

### JURISDICTION AND VENUE

4. This action is filed pursuant to 28 U.S. Code § 2675.

5. Mrs. Kirn filed a claim, on January 23, 2017, with the U.S. Department of Health and Human Services.[1]

6. The department did not make a final disposition of the claim within six months.

7. The failure to make a final disposition is deemed a "final denial of the claim for purposes of" 28 U.S. Code § 2675(a). This case is timely filed, insofar as it is filed within six months of the final denial. 28 U.S.C. §2401(b).

8. Mrs. Kirn has exhausted her administrative remedies. Id.

9. Venue is proper under 28 U.S.C. §1402(b), because all of the acts and omissions that form the basis of Mrs. Kirn's claim occurred in the Western District of Pennsylvania.

## CLAIM

### C. The May 28, 2015, Kenalog Injection

10. On May 28, 2015, Mrs. Kirn saw her PCP, Sheila Anderson, D.O. ("Dr. Anderson"), because of her seasonal allergies.

11. Dr. Anderson's assistant, at Dr. Anderson's direction, and under her supervision, administered Kenalog 40 MG/ML SUSP into Mrs. Kirn's right deltoid area.

12. At all relevant times, Dr. Anderson and her assistant were Defendant's agents, employees, and/or servants, and were acting within the course and scope of their employment.

### D. Kenalog's Warnings About the Proper Location to Give the Injection, i.e., Not the Deltoid Area

13. Kenalog is sold with a label that says that, "Unless a deep intramuscular injection is given, **local atrophy is likely to occur. … Due to the significantly higher incidence of local**

---

[1] A copy of the claim is attached as Exhibit "1."

*atrophy when the material is injected into the deltoid area, this injection site should be avoided in favor of the gluteal area.*"[2]

14. The label also says that, "The suggested initial dosage is 60 mg, injected deeply into the gluteal muscle. Atrophy of subcutaneous fat may occur if the injection is not properly given."[3]

15. By giving the injection in Mrs. Kirn's right "deltoid area," instead of in her "gluteal area," Dr. Anderson's assistant significantly increased the risk that Mrs. Kirn would suffer "local atrophy."[4]

16. Upon present information and belief, Dr. Anderson's assistant never read the Kenalog label.

17. Neither Dr. Anderson, nor her assistant, warned Mrs. Kirn that the injection could leave her right deltoid area disfigured.

18. As a direct and proximate result of the Kenalog injection being given in the right deltoid area, Mrs. Kirn suffered the type of "local atrophy" described in the label, and her arm is permanently disfigured.[5]

## PROFESSIONAL NEGLIGENCE—VICARIOUS LIABILITY

19. Mrs. Kirn incorporates paragraphs 1-18 by reference.

20. At all relevant times, Defendant was acting through its agents, ostensible agents, employees, and/or servants, all of whom were acting within the course and scope of their employment.

---

[2] See Kenalog label, which is attached as Exhibit "2," at p. 5 (***emphasis*** added).
[3] Id.
[4] Id.
[5] See photographs of Mrs. Kirn's arm, which are attached as Exhibit "3."

3

21. Dr. Anderson and her assistant owed duties of care to Mrs. Kirn, specifically duties to provide her with adequate, appropriate, and competent osteopathic, medical and other health care, such as would be provided by a reasonable and prudent physician and/or physician's assistant under similar circumstances.

22. Dr. Anderson and her assistant breached their duties of care to Mrs. Kirn by:

   a. failing to understand the ramifications of injecting the Kenalog into Mrs. Kirn's deltoid area;

   b. failing to read and/or understand Kenalog's label / warnings;

   c. failing to inject the Kenalog into Mrs. Kirn's gluteal area;

   d. failing to inject the Kenalog deeply enough to avoid local atrophy; and

   e. failing to warn Mrs. Kirn that the Kenalog injection could leave her deltoid area permanently disfigured.

23. As a direct and proximate result of Dr. Anderson's and/or her assistant's negligence, Mrs. Kirn suffered severe injuries: mental anguish and humiliation, disfigurement, loss of capacity for the enjoyment of life, and expense of otherwise unnecessary medical care.

24. Some of Mrs. Kirn's injuries are permanent.

25. Defendant is, by operation of law, vicariously liable for its employees', agents' and/or servants' negligence.

26. The acts and omissions outlined above would constitute a claim under the law of Pennsylvania.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Michelle Kirn, respectfully requests that judgment be entered in her favor, and against Defendant, United States of America, as follows:

1) mental anguish and humiliation, disfigurement, loss of capacity for the enjoyment of life, and expense of otherwise unnecessary medical care in the total of $35,000; and

2) costs, attorney's fees, and any other relief that this Honorable Court deems just given the circumstances.

Respectfully submitted,

Dated: November 3, 2017

_____
Rudolph L. Massa
Pa. I.D. No. 84788
Massa Butler Giglione
Three Gateway Center; Suite 1543
401 Liberty Avenue
Pittsburgh, Pennsylvania  15222
412-338-1800 (telephone)
412-338-0357 (facsimile)
rmassa@mbp-law.com (email)

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

Dated: November 3, 2017

Rudolph L. Massa
Pa. I.D. No. 84788
The Massa Law Group, P.C.
Three Gateway Center; Suite 1543
401 Liberty Avenue
Pittsburgh, Pennsylvania 15222
(412) 338-1800 (telephone)
(412) 338-0357 (facsimile)
rmassa@mbp-law.com (e-mail)